IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA J. POUGH,

      Plaintiff,                           No. CIV S-10-2774 GGH P

   vs.

WILLIAM J. MURRAY, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a former state prisoner, recently paroled, who seeks relief pursuant to 42 U.S.C. § 1983. He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff filed the instant complaint while incarcerated.[1] The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

---

[1] The docket reflects that plaintiff was paroled approximately two weeks after filing the instant complaint. (Doc. ## 1, 3.)

1

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

1  Plaintiff names as defendants the Hon. William J. Murray, a sitting judge of the
2  San Joaquin County Superior Court; Lance Jacot, a public defender in San Joaquin County; and
3  Paul Stubb, Jr., apparently an attorney in private practice. Plaintiff summarily alleges that, in
4  October 2009, Judge Murray "sentenced [him] illegally" to three years in state prison; that
5  attorney Jacot knew that they sentence was illegal; and that attorney Stubb, an appellate lawyer,
6  "didn't act in [plaintiff's] best interest to correct this illegal sentence[.]" (Complaint at 3.) As a
7  remedy, plaintiff seeks monetary damages totaling $60,000 and costs. (Id.)

8  These allegations are wholly inadequate to state a colorable claim under § 1983.
9  The undersigned limits itself to addressing the complaint's most prominent defect, which is that
10 none of the named defendants are proper parties to such an action. First, the Supreme Court has
11 held that judges acting within the course and scope of their judicial duties are absolutely immune
12 from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967);
13 see also, Shucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Ashelman v. Pope, 793
14 F.2d 1072, 1075 (9th Cir. 1986); Richardson v. Koshiba, 693 F.2d 911, 913-914 (9th Cir. 1982).
15 "Judicial immunity applies 'however erroneous the act may have been, and however injurious in
16 its consequences it may have proved to the plaintiff.'" Cleavinger v. Saxner, 474 U.S. 193, 199-
17 200, 106 S.Ct. 496, 500 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872).[2] A judge is
18 "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v.
19 Sparkman, 435 U.S. 349, 356-7, 98 S. Ct. 1099 (1978), quoting Bradley, supra, 13 Wall. at 351.
20 A judge's jurisdiction is quite broad. The two-part test of Stump v. Sparkman determines its
21 scope:

---

[2] Although plaintiff does not seek to impugn the defendants with such inflammatory allegations, he is informed that the longstanding doctrine of judicial immunity "applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Pierson v. Ray, at 554, 87 S. Ct. at 1218, citing Scott v. Stansfield, L.R. 3 Ex. 220, 223 (1868), quoted in Bradley, supra, at 349.

3

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361. Here, plaintiff purports to sue Judge Murray for money damages for actions that are wholly judicial in nature. Therefore, plaintiff's claim against Judge Murray should be dismissed with prejudice.

Nor is public defender Jacot a proper defendant under § 1983. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Id. The Supreme Court has determined that a public defender does not act on behalf of the state when performing his role as counsel for a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); see also, Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender is not a state actor subject to suit under § 1983 because his function is to represent client's interests, not those of state or county).

Similarly, the third named defendant, attorney Stubb, appears to be a private actor who is not alleged to have acted improperly under color of state law. Thus, any purported claim against him under § 1983 must be dismissed as frivolous. In sum, because plaintiff has failed to name a proper defendant under § 1983, his complaint must be dismissed for failure to state a claim.

Finally, any claim for legal malpractice would be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (plaintiff's conviction must first be overturned before suing on matters related to the conviction).  See <u>Smith v. Warren</u>, 2010 WL 3853198 *2 (D.Or. 2010).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to

\\\\\

\\\\\

1  file an amended complaint will result in a recommendation that the action be dismissed.

2  DATED: October 29, 2010

   /s/ Gregory G. Hollows

   _____
   GREGORY G. HOLLOWS
   UNITED STATES MAGISTRATE JUDGE

GGH:0014
poug2774.bnf